UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
(COVINGTON DIVISION)

**KELLY BLANCHET**                                                                                      Judge
309 LaSalle Ct.
Walton, KY  41094

      **Plaintiff**

-vs.

**CHARTER COMMUNICATIONS, (DE) INC.**    **COMPLAINT**
C/O SA Corporation Service Company
421 West Main St.
Frankfort, KY 40601

      **Defendant**

---

## PARTIES

1. Plaintiff, Kelly Blanchet ("Plaintiff" or "Blanchet"), is a citizen of the United States and a resident of the State of Kentucky, residing at the address listed in the caption.

2. Defendant Charter Communications, (DE) Inc. ("Defendant" or "Charter") is a foreign corporation registered to conduct business in the State of Kentucky, and is in good standing with the Kentucky Secretary of State. The office the Plaintiff was assigned to was located in Florence, Kentucky.  The Defendant can be served at the address listed in the caption.

## JURISDICTION AND VENUE ALLEGATIONS

3. This Court has jurisdiction to hear Plaintiff's Complaint pursuant to 28 U.S.C. § 1331.

4. This Court has pendent jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

6. All jurisdictional and procedural prerequisites have been met as follows:

  a. On August 4, 2017, within 180 days of the occurrence of the unlawful employment practices alleged in this Complaint, Blanchet made a filing with the Equal Employment Opportunity Commission (EEOC) for violations of the Americans with Disabilities Act. A true copy is attached as Exhibit 1 (Charge No. 473-2017-00880, EEOC).

  b. On August 29, 2018, the EEOC issued Blanchet a "Notice of Suit Rights," i.e., a "right-to-sue" letter. A true copy of the same is attached as Exhibit 2 and incorporated herein by reference.

**FACTS**

7. Plaintiff Kelly Blanchet was hired by Defendant Charter in July 2014, as a direct sales representative earning $9.25 an hour plus a sales commission for the services she sold..

8. Plaintiff Blanchet's job was to go door to door in her territory to sell cable, internet and phone service to residents in their neighborhoods and she was excellent at her job, earning almost $80,000 for the first year of her employment.

9. Plaintiff Blanchet tolerated a lot of job stress while working for Defendant in order to keep her job and provide for her family. For example, in January 2015, Plaintiff Blanchet went to Defendant HR and her managers because a jealous male co-worker was making offensive comments to other co-workers about her success, saying that she "got her sales being on her knees." Defendant did nothing about that complaint.

10. Plaintiff Kelly Blanchet went to Defendant HR again because she was receiving offensive text messages from fake phone numbers. Again Defendant did nothing. Plaintiff Blanchet was told to "suck it up."

11. During the first half of 2016, Plaintiff Blanchet made $50,000.00 and was on track to make $100,000.00 for the year. Due to the birth of her child, Plaintiff Blanchet was only able to work until late June.

12. Up until her vacation/maternity leave, Plaintiff Blanchet worked 40 hours a week without any write-ups or performance complaints.

13. Plaintiff Blanchet was approved for 8 weeks of maternity leave when her baby was born. After the birth of her child, Plaintiff Blanchet experienced a very severe case of depression and anxiety which made it hard to function in everyday life.

14. Plaintiff Blanchet stayed in touch with the HR Department at Defendant Charter Communications, and she was referred to Sedgwick Claims Management Services for all matters regarding her medical condition and leave of absence.

15. Plaintiff Kelly Blanchet reported to Sedgewick's ADA Department for job protection, and the Department that handled short and long-term disability. Sedgwick informed Plaintiff Blanchet that it could not accept certification for her leave from her Ob-Gyn or her primary care physician. Sedgwick insisted that they had to have certification from a psychiatrist.

16. Plaintiff Blanchet was referred to a psychiatrist, Annette Reynolds, M.D. but was unable to be accepted as a patient until November 14, 2016.

17. Plaintiff Blanchet informed her contacts at Sedgwick, who extended her leave and promised job protection.

18. Plaintiff Kelly Blanchet saw Dr. Reynolds on November 14, 2016. Dr. Reynolds confirmed the diagnosis of disabling Postpartum Depression and after several appointments certified Ms. Blanchet to be off work from October 1, 2016 to April 3, 2017, to allow ample time for Mrs. Blanchet's new medicine to take effect.

19.     Plaintiff Blanchet requested an extension of her leave as a workplace accommodation. Sedgwick acknowledged that they became aware of her request for extended leave as an accommodation on October 28, 2016.

20.     Plaintiff Blanchet received a letter stating " …Charter Communications has determined that your request for an accommodation under the ADA is approved from 10/01/2016-04/03/2017."

21.     On or about March 9, 2017, Plaintiff Blanchet received a letter from Defendant Charter Communications stating that she had been terminated effective January 9, 2017.  The letter said that she would get a packet from HR about benefit coverage, but she never received this packet.

22.     Plaintiff Blanchet was very shocked and hurt.  She had improved and was looking forward to returning to work in a couple of weeks.  Plaintiff Blanchet lost her income, her life insurance, her free cable and internet service, and was forced to cash in retirement savings.

23.     Upon learning that she had been fired, Plaintiff Kelly Blanchet's depression and anxiety was severely exacerbated.

**COUNT ONE – DISABILITY DISCRIMINATION**

24.     Plaintiff realleges by reference all previous paragraphs of this Complaint.

25.     The action of Defendant Charter Communications in firing Plaintiff Kelly Blanchet is in violation of The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101., which provides for civil remedies.

26.     As a result of Defendant Charter's unlawful firing of Plaintiff Kelly Blanchet for her disability, Plaintiff Kelly Blanchet has experienced the loss of back pay, front pay, and emotional distress damages, and is entitled to recover these damages from the Defendant.

**COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

27. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

28. Defendant Charter's conduct was extreme and outrageous, tantamount to intentional infliction of emotional distress.

29. Because Defendant's conduct was motivated by malice, it is responsible for not only Plaintiff's compensatory damages, but punitive damages in an amount to deter such conduct in the future, as well as her reasonable attorney fees

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kelly Blanchet, having fully pleaded her cause, prays that this Honorable Court grant her compensatory damages in an amount to be determined in excess of $25,000.00, sufficient to compensate her for her lost back pay, front pay, her reasonable attorney fees, and any and other such relief as this court or a jury may direct.

Respectfully submitted,

*/s/ Robert F. Croskery*
Robert F. Croskery (0086402)
Attorney for Plaintiff
Croskery Law Offices
3905 Eastern Ave., Suite 200
Cincinnati, OH 45226
Telephone:   (513) 232-5297
Facsimile:   (513) 426-7372
rcroskery@croskerylaw.com